UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY D. RAY,<br><br>          Plaintiff,<br><br>     v.<br><br>ONGNEN PETRAS, et al.,<br><br>          Defendants. | No.  2:19-cv-1865-KJM-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  Currently before the court are plaintiff's August 19, 2020 motion for appointment of counsel (ECF No. 29) and his August 10, 2020 motion for a preliminary injunction (ECF No. 25).  Both motions must be denied.

    **I.**    **Motion for Counsel**

As the court's prior orders informed plaintiff (ECF Nos. 20 and 27), district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff.  *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to

articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court again finds there are no exceptional circumstances in this case.

## II.     Motion for Preliminary Injunction

Plaintiff has filed a motion for an injunction that, in its entirety, states: "Plaintiff ask Court to grant an injunction to remove Ongnen Petras for assignment as Plaintiff's Personal Care Provider, due to conflict of interest. Being that Ongnen Petras is Plaintiff's defendant." ECF No. 25.

A preliminary injunction will not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). To be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. NRDC, Inc.*, 555 U.S. 7 (2008)). The U.S. Court of Appeals for the Ninth Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions—that is, balancing the elements of the preliminary injunction test, so that a stronger showing of one element may offset a weaker showing of another—survives *Winter* and continues to be valid. *Alliance for the Wild Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010). "In other words, 'serious questions going to the merits,' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.* In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Plaintiff's exceedingly brief motion does not make any showing regarding the merits, irreparable harm to plaintiff, or a balance of hardships favoring plaintiff. The court cannot assume, absent some showing, that, due to this lawsuit, defendant Petras is engaging in some behavior in his capacity as plaintiff's doctor that harms plaintiff. Plaintiff has also failed to apprise the court of whether he has asked prison officials to provide him with a different doctor. Accordingly, the motion for a preliminary injunction must be denied.

### III.   Order and Recommendation

Accordingly, it is hereby ORDERED that plaintiff's August 19, 2020 motion for appointment of counsel (ECF No. 29) is DENIED. Further, it is RECOMMENDED that plaintiff's August 10, 2020 motion for an injunction (ECF No. 25) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 27, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE