UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY D. RAY,<br><br>         Plaintiff,<br><br>    v.<br><br>ONGNEN PETRAS, *et al.*,<br><br>         Defendants. | Case No.  2:19-cv-01865-KJM-JDP (PC)<br><br>FINDINGS AND RECOMMENDATIONS DENYING LEAVE TO AMEND<br><br>ECF No. 37<br><br>Objections due in Fourteen Days |

Plaintiff Anthony D. Ray is a state prisoner proceeding without counsel in this civil rights action under 42 U.S.C. § 1983. He filed this action on September 17, 2019, ECF No. 1 and, after screening his complaint, Magistrate Judge Brennan[1] found that he had stated cognizable Eighth Amendment medical deliberate indifference claims against defendants Petras, McAllister, and Bick based on their alleged failure to treat plaintiff's brain tumor. ECF No. 6. Defendants were served and, after two requests from defendants to modify the scheduling order, Judge Brennan directed that: all discovery requests be served by November 18, 2020, all discovery be completed January 13, 2021, and any dispositive motions be filed by April 21, 2021. ECF No. 30. The July 17, 2020 deadline for filing any amended complaint was set by the initial scheduling order and plaintiff never moved to change it. ECF No. 21 at 4. On October 29, 2020, plaintiff filed a

---

[1] This case was reassigned to me on October 1, 2020. ECF No. 35.

1

1   motion to amend his complaint, seeking to add a new defendant named DiTomas and new claims[2]
2   against the initial defendants. ECF Nos. 37 & 38. Defendants filed an opposition to the motion
3   to amend, ECF No. 39, and plaintiff has not filed a reply. I recommend that plaintiff's motion to
4   amend be denied.

5       Federal Rule of Civil Procedure 15(a)(2) instructs courts to "freely give leave [to amend]
6   when justice so requires." *See also Arizona Students' Ass'n v. Arizona Bd. of Regents*, 824 F.3d
7   858, 871 (9th Cir. 2016). "This policy is to be applied with extreme liberality." *C.F. v.
8   Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 (9th Cir. 2011). The court may decline to grant
9   leave to amend only where there is a strong showing of: (1) undue delay, (2) bad faith or dilatory
10  motive, (3) repeated failure to cure deficiencies by amendments previously allowed, (4) undue
11  prejudice to the opposing party by virtue of allowance of the amendment, or (5) futility of
12  amendment. *See Sonoma Cty. Ass'n of Retired Employees v. Sonoma Cty.*, 708 F.3d 1109, 1117
13  (9th Cir. 2013). Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order may be
14  modified only with the judge's consent and for good cause.

15      There is a strong showing of undue delay here. Plaintiff was aware that the deadline for
16  filing any amended complaint was July 17, 2020. Neither his motion nor his amended complaint
17  offer any justification for exceeding that deadline by more than two months.

18      Additionally, I find that there is a strong showing that defendants would be prejudiced if
19  plaintiff were given leave to amend. In their opposition, defendants state that, after wrestling
20  with numerous pandemic-related scheduling difficulties, they took plaintiff's deposition by video
21  on October 28, 2020. ECF No. 39 at 2. The motion to amend was docketed the next day.
22  Plaintiff did not give defendant's counsel any notice prior to the deposition that he intended to
23  amend his complaint. ECF No. 39-1 at 2, ¶ 4. He admitted his intent to add new parties and
24  claims only when questioned about his claims at the deposition. *Id.* at 2, ¶ 3. Defendants state

---

[2] Plaintiff's initial complaint concerned defendants' treatment of his brain tumor. In his amended complaint, he adds claims of retaliation and denial of pain medication. ECF No. 38 at 6-9. The pain medication claims do not appear to relate to his brain tumor insofar as they stem from an incident that occurred in April 2017. *Id.* at 6. In his initial complaint, plaintiff alleges that he first suffered pain related to his brain tumor in October 2017. ECF No. 1 at 6.

that allowing plaintiff to amend would require them to investigate the new claims, propound new written discovery, and pay[3] and arrange for a second deposition. ECF No. 39 at 7.

Accordingly, I find that plaintiff has not shown good cause for modifying the scheduling order. The main inquiry in determining whether good cause for modification exists is a party's diligence. *See Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992) ("Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."). Here, plaintiff has failed to justify the lateness of his motion to amend. And he did not move, at any point prior to filing his motion, to modify the scheduling order.

For the reasons stated above, I recommend that plaintiff's motion to amend, ECF No. 37, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: December 4, 2020

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff is proceeding *in forma pauperis*, and as a result the option of allowing amendment but shifting deposition costs is not a realistic one.

3